IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-30469
Summary Calendar

_____

JOSEPH KWEN NEUFVILLE,

Petitioner-Appellant,

versus

JOHN ASHCROFT, U.S. Attorney General; DORIS MEISSNER; LYNNE
UNDERDOWN; CHARLES T. COBB; IMMIGRATION AND
NATURALIZATION SERVICE; UNITED STATES DEPARTMENT OF
JUSTICE,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 00-CV-2800

_____

November 6, 2001

Before POLITZ, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Joseph Kwen Neufville, a Liberian citizen detained by the Immigration and

Naturalization Service pending execution of his removal order, appeals the district

court's denial of his 28 U.S.C. § 2241 habeas corpus petition. Neufville's habeas

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

petition challenged his removal order, requested a stay of his removal order, and asserted that his indefinite detention pursuant to 8 U.S.C. § 1231(a)(6) was unconstitutional.

Neufville has abandoned his challenge to, and his request for a stay of, his removal order by failing to argue, and in fact disclaiming, those issues in his initial brief.[1] To the extent that the district court's judgment denied those claims, it is AFFIRMED.

Because the district court's rejection of Neufville's constitutional challenge to 8 U.S.C. § 1231(a)(6) was based on its application of this court's now-vacated holding in Zadvydas v. Underdown,[2] that the statute authorized the indefinite detention of aliens without offending the Constitution, that portion of the district court's judgment is VACATED.[3] This case is REMANDED to the district court for further proceedings consistent with the Supreme Court's Zadvydas decision.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.

---

[1] Cinel v. Connick, 15 F.3d 1338 (5th Cir. 1994).

[2] 185 F.3d 279 (5th Cir. 1999).

[3] Zadvydas v. Davis, 121 S. Ct. 2491(2001).